UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DURELL T. CRAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00621-TWP-DML |
| ) | |
| ERIC J. HOLCOMB, ROBERT E. CARTER, JR., ) | |
| J. BASINGER, KRISTEN DAUSS, JOHN DOE, ) | |
| JANE DOE, DENNIS REAGLE, AARON ) | |
| SMITH, VINCE STANLEY, JOHN L. ) | |
| MERSHON, MISSY BAGINSKI, ELIZABETH ) | |
| HALE, SHANNON SHOTT, ANGIE, and ) | |
| AGBOOLA, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF**

This matter is before the Court on several Motions requesting injunctive relief filed by *pro se* Plaintiff Durell T. Crain ("Crain"). In particular, Crain has filed a second Motion Showing Need of Preliminary Injunctive Relief (Dkt. 13), Motion Showing Need of Preliminary Injunctive Relief as (Dkt. 17), and three Emergency Motions for Court to Take Notice of Preliminary Injunctions (Dkts. 19, 22 and 23). Crain, an Indiana Department of Correction ("IDOC") inmate at New Castle Correctional Facility ("New Castle"), filed this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons explained in this Order, Crain's Motions are **denied**.

**I. CRAIN'S ALLEGATIONS IN HIS COMPLAINT**

The allegations in Crain's Complaint concern his exposure to contaminated water during the time he was an inmate at Pendleton Correctional Facility ("Pendleton"). (*See generally* Dkt. 1.) Crain alleges that exposure to this water caused him to get sick, that he suffered symptoms of Legionella Disease ("Legionnaires' disease") which required multiple rounds of antibiotic treatment. *Id.* Many of the Defendants named in the complaint are employees at Pendleton and

some are medical staff at New Castle. *Id.* Crain alleges that staff at both Pendleton and New Castle failed to treat his symptoms. *Id.* The Complaint sets forth in detail how he complained about his symptoms and Crain alleges that he continues to experience symptoms related to exposure to the contaminated water. *Id.*

## II. DISCUSSION

The Court has reviewed Crain's multiple Motions related to preliminary injunctive relief. In each of these Motions, the relief requested is that he be transferred to a different IDOC facility, in particular, a different protective custody unit. The Court understands Crain's allegations to be that he is being retaliated against at New Castle, that other inmates believe he is a "snitch," that his life is in danger because he knows that other inmates have put "money on his life," and that he believes his mail is being tampered with. (*See* Dkts. 13, 17, 19, 22, and 23.) It is clear that the allegations raised in Crain's Motions related to preliminary injunctive relief do not relate to the claims regarding his exposure to contaminated water and his medical needs as a result of that exposure asserted in his Complaint in this action.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

The Court need not address the three threshold elements because Crain's requests for injunctive relief do not relate to the claims regarding his exposure to contaminated water. As a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on

which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). Accordingly, this Court lacks authority to grant the relief requested, and the Motions must be denied. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

### III.  CONCLUSION

The allegations in Crain's Complaint are unrelated to his multiple motions regarding injunctive relief. Thus, his Motions at Dkts. [13], [17], [19], [22], and [23], must be **DENIED.**[1]

**SO ORDERED.**

Date: 7/11/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Durell T. Crain, #195228
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

---

[1] The Court notes that Crain has another case pending before this Court, *Crain v. Sevier et al.*, Case No. 1:22-cv-00788-JMS-MG, in which he is pursing claims that defendants at Pendleton and New Castle were deliberately indifferent to the risk of violence against him by other inmates. In that case, 1:22-cv-00788-JMS-MG, at docket 23, Crain filed a pending motion for preliminary injunctive relief to which the named defendants in that action have been directed to file a response.